**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION**

**CERTAIN INTERESTED
UNDERWRITERS AT LLOYD'S
LONDON,**

          **Plaintiff,**

**-vs-**                                                **Case No. 6:09-cv-1414-Orl-28DAB**

**ALIE G. JINDANI, PRAVIN C. GANDHI,
MANHAR C. GANDHI, DINESH C.
GANDHI, SURESH C. GANDHI, 4G
ENTERPRISES OF BREVARD, INC.,
SHELLEY EHRLICH, DANIEL
EHRLICH, ARI EHRLICH, MEGAN
AMANDA EHRLICH,**

          **Defendants.**
_____

## REPORT AND RECOMMENDATION

**TO THE UNITED STATES DISTRICT COURT**

This cause came on for consideration without oral argument on the following motion filed herein:

> **MOTION:**   **MOTION FOR DEFAULT JUDGMENT AS TO 4G ENTERPRISES (Doc. No. 32)**
>
> **FILED:**   **October 22, 2009**
> _____
>
> **THEREON** it is **RECOMMENDED** that the motion be **DENIED**.

This purports to be an action for declaratory relief brought by an insurer against its insured, among others (Doc. No. 1). Following entry of a default against Defendant 4G Enterprises of Brevard, Inc., Plaintiff files the instant motion seeking an entry of default judgment. As Plaintiff

presents no factual or legal basis to warrant a judgment against this Defendant, the motion should be **denied.**

The effect of the entry of a default is that all of the factual allegations in the Complaint are taken as true, save for the amount of unspecified damages. Thus, if liability is well-plead in the complaint, it is established by the entry of a default. *Buchanan v. Bowman,* 820 F.2d 359, 361 (11th Cir. 1987). A court may enter a default judgment only if the factual allegations of the complaint provide a sufficient legal basis for entry of a default judgment. *Nishimatsu Constr. Co. v. Houston National Bank,* 515 F. 2d 1200, 1206 (5th Cir. 1975). If the amount of damages sought are not specified in the complaint, Plaintiff must prove up the unliquidated sums, in a hearing on damages or otherwise. Rule 55(b)(2), Federal Rules of Civil Procedure.

Here, the Complaint does not seek damages, but sets forth certain allegations summarized as follows:

- Plaintiff is a composite of insurance underwriters

- The Gamdhis leased property through the corporate entity 4G Enterprises

- The Gandhis operated a gasoline station and convenience store

- The Ehrlichs filed suit against the Gandhis (but *not* against 4G Enterprises) for personal injury

- Plaintiff issued a commercial property and general liability policy to "Suntree Chevron." The Policy "identifies the insured as an 'individual,' although the person's name is not listed. However, the insurance agent's files identify the individual as Alie Jindani." (Complaint at ¶17). Jindani was the lessee in possession of Suntree Chevron at the time of the incident.

- The Ehrlichs attorney demanded that Plaintiff pay the policy limits, asserting that the Gandhis operated Suntree Chevron at the time of the incident and that they were insured under the Policy.
- The Gandhis and/or their corporation are not insureds under the Policy, and there is no liability regardless as coverage for the suit is excluded.
- "An actual controversy exists between Underwriters, Gandhis, and the Ehrlichs as to whether the Gandhis are entitled to either a defense or indemnity under the Policy and as to whether the Ehrlichs are entitled to any payments for any liability of the Gandhis." (Complaint at ¶26).
- "The parties require an immediate resolution of their rights and obligations by the Court with respect to coverage under the Policy for any claims arising in the underlying suit." (Complaint at ¶27).

The Complaint seeks a declaration that the policy provides no duty to either defend or indemnify the Gandhis with respect to the underlying suit and that Plaintiff has no duty to pay any amounts for which the Gandhis might be found liable to the Ehrlichs. From the foregoing and the motion and memorandum, however, Plaintiff has failed to provide any basis for entry of a judgment against *this* Defendant. Plaintiff files *no* evidence and no brief addressing the merits of the Complaint, relying, apparently, on no more than the Complaint itself; and the Complaint does not seek any relief whatsoever against this Defendant. Indeed, 4G Enterprises is not a defendant in the underlying suit, is not mentioned in the Ehrlich's demand letter or Plaintiff's reservation of rights letter, and the Complaint affirmatively states that 4G Enterprises was not an insured under the Policy and was not the lessee in possession of the property at the time of the incident. There is nothing in the Complaint or the exhibits that purports to make this dissolved corporation part of this dispute.

Absent any evidentiary basis to grant the motion, it is **respectfully recommended** that it be **denied.** Further, as there does not appear to be any legal relationship between Plaintiff and this Defendant and no conflict between them, the Court finds there is no case or controversy sufficient to sustain an action against it. *See Provident Life & Acc. Ins. Co. v. Transamerica-Occidental Life Ins. Co.,* 850 F.2d 1489, 1490-1491 (11th Cir.1988) (holding no case or controversy between two insurers). As such, it is **further recommended** that the claim against 4G Enterprises be **dismissed, without prejudice.**

Failure to file written objections to the proposed findings and recommendations contained in this report within ten (10) days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal.

Recommended in Orlando, Florida on November 9, 2009.

*David A. Baker*

DAVID A. BAKER
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Presiding District Judge
Counsel of Record
Unrepresented Party
Courtroom Deputy