**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION**

**CERTAIN INTERESTED
UNDERWRITERS AT LLOYD'S
LONDON,**

      **Plaintiff,**

**-vs-**               Case No. 6:09-cv-1414-Orl-28DAB

**ALIE G. JINDANI, PRAVIN C. GANDHI,
MANHAR C. GANDHI, DINESH C.
GANDHI, SURESH C. GANDHI, 4G
ENTERPRISES OF BREVARD, INC.,
SHELLEY EHRLICH, DANIEL
EHRLICH, ARI EHRLICH, MEGAN
AMANDA EHRLICH,**

      **Defendants.**
_____

## REPORT AND RECOMMENDATION

**TO THE UNITED STATES DISTRICT COURT**

   This cause came on for consideration without oral argument on the following motions filed herein:

> **MOTION:**  **MOTION FOR SERVICE BY PUBLICATION (Doc. No. 39)**
>
> **FILED:**  November 23, 2009
> _____
>
> **THEREON** it is **RECOMMENDED** that the motion be **DENIED** as moot.

> **MOTION:** **MOTION TO EXTEND TIME TO EFFECTUATE SERVICE OF PROCESS (Doc. No. 40)**
>
> **FILED:** **November 23, 2009**
> _____
>
> **THEREON** it is **RECOMMENDED** that the motion be **DENIED**.

This purports to be an action for declaratory relief brought by an insurer regarding a Policy it issued (Doc. No. 1). In the instant motions, Plaintiff seeks to extend time to effectuate service by publication on a Defendant (Ali Jindani) that Plaintiff has been unable to locate. As the Compliant fails to set forth any cause of action against this Defendant, however, it is **respectfully recommended** that the motions be **denied, as futile.**

As this Court noted in prior Report (Doc. No. 34), the Complaint does not seek damages, but sets forth certain allegations summarized as follows:

- Plaintiff is a composite of insurance underwriters

- The Gamdhis leased property through the corporate entity 4G Enterprises

- The Gandhis operated a gasoline station and convenience store

- The Ehrlichs filed suit against the Gandhis (but not against Alie Jindani) for personal injury

- Plaintiff issued a commercial property and general liability policy to "Suntree Chevron." The Policy "identifies the insured as an 'individual,' although the person's name is not listed. However, the insurance agent's files identify the individual as Alie Jindani." (Complaint at ¶17). Jindani was the lessee in possession of Suntree Chevron at the time of the incident.

• The Ehrlichs attorney demanded that Plaintiff pay the policy limits, asserting that the Gandhis operated Suntree Chevron at the time of the incident and that they were insured under the Policy.

• The Gandhis and/or their corporation are not insureds under the Policy, and there is no liability regardless as coverage for the suit is excluded.

The Complaint asserts that "[a]n actual controversy exists between Underwriters, Gandhis, and the Ehrlichs as to whether the Gandhis are entitled to either a defense or indemnity under the Policy and as to whether the Ehrlichs are entitled to any payments for any liability of the Gandhis." (Complaint at ¶26). In its prayer for relief, Plaintiff asks the Court to enter judgment:

> 1. Declaring that the insurance policy issued by Underwriters provides no duty to either defend or indemnify the Gandhis with respect to the Underlying Suit;
> 2. Declaring that Underwriters have no duty to pay any amounts for which the Gandhis might be found liable to the Ehrlichs.
> 3. Awarding Underwriters their costs and such further relief as the Court may deem just and proper.

(Doc. No. 1 at p. 7).

As is clear, Plaintiff seeks no relief whatsoever against Jindani, who is not a defendant in the underlying suit. As the relief sought by Plaintiff is directed solely to the question of whether the Underwriters have a duty to the Gandhis, and Plaintiff seeks no declaration as to the rights or status of Jindani, there does not appear to be any case or controversy with respect to this absent Defendant. *See Provident Life & Acc. Ins. Co. v. Transamerica-Occidental Life Ins. Co.*, 850 F.2d 1489, 1490-1491 (11th Cir. 1988) (holding no case or controversy between two insurers). As no relief is sought against Jindani, his presence or absence in this lawsuit is of no moment and thus, no grounds exist to extend time to serve process on him, by publication or otherwise.

It is therefore **respectfully recommended** that the motions be **denied** and the claim against Jindani be **dismissed without prejudice**.

Failure to file written objections to the proposed findings and recommendations contained in this report within fourteen (14) days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal.

Recommended in Orlando, Florida on December 9, 2009.

*David A. Baker*

DAVID A. BAKER
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Presiding District Judge
Counsel of Record
Courtroom Deputy