**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

**CERTAIN INTERESTED**
**UNDERWRITERS AT LLOYD'S**
**LONDON,**

      **Plaintiff,**

-vs-                                            **Case No. 6:09-cv-1414-Orl-28DAB**

**ALIE G. JINDANI, PRAVIN C. GANDHI,**
**MANHAR C. GANDHI, DINESH C.**
**GANDHI, SURESH C. GANDHI, 4G**
**ENTERPRISES OF BREVARD, INC.,**
**SHELLEY EHRLICH, DANIEL EHRLICH,**
**ARI EHRLICH, MEGAN AMANDA**
**EHRLICH,**

      **Defendants.**
_____

# ORDER

Plaintiffs, Certain Interested Underwriters at Lloyd's, London, bring the instant action under the Declaratory Judgment Act, 28 U.S.C. §§ 2201-2202, seeking a determination of their defense and indemnity obligations under a liability insurance policy. The case is currently before the Court on the Amended Motion to Dismiss (Doc. 26)[1] filed by Defendants Shelley Ehrlich, Daniel Ehrlich, Ari Ehrlich, and Megan Amanda Ehrlich ("the Ehrlich Defendants"). As set forth below, the Erhlich Defendants' motion shall be granted and the

---

[1] The original Motion to Dismiss (Doc. 18) has been superseded by the Amended Motion to Dismiss (Doc. 26) and will be denied as moot. The Amended Motion to Dismiss was filed solely to correct scrivener's errors, (see Doc. 25), and the Memorandum in Opposition (Doc. 24) to the original Motion to Dismiss has been treated as a response to the Amended Motion to Dismiss.

Court will decline to exercise jurisdiction over this declaratory judgment action.

## I.  Background

On January 9, 2001, three of the Ehrlich Defendants ingested "slush puppy" frozen drinks at a gas station—"Suntree Chevron"—in Brevard County, Florida.  These Ehrlich Defendants allegedly suffered bodily injury after ingesting the slush puppies, which were later determined to be contaminated with petroleum products.  (See Ex. A to Doc. 1).  The Ehrlich Defendants filed a lawsuit in state court in December 2004 seeking redress for their injuries.  (Id.).  Among the named Defendants in that case are Pravin Gandhi, Manhar Gandhi, Dinesh Gandhi, and Suresh Gandhi ("the Gandhis"), who allegedly owned and operated Suntree Chevron at the time of the incident.

In the case now before this Court, Plaintiffs concede that they issued a Commercial Property and General Liability Policy with "Suntree Chevron" as the named insured for the period September 11, 2000 to September 11, 2001—which encompasses the January 9, 2001 incident date.  (See Doc. 1 ¶ 17).  However, Plaintiffs seek a declaration that they owe no duty to defend or indemnify the Gandhis in the underlying action.[2]  They assert that Suntree Chevron is not a corporate entity and that the lessee in possession of Suntree Chevron at the time of the incident was an individual named Alie Jindani—not the Gandhis—and that Jindani is the insured.[3]  (Doc. 1 ¶¶ 17-18).  Plaintiffs also assert that the

---

[2]As noted in Plaintiffs' Complaint, in the underlying action Plaintiffs "assumed the defense of the Gandhis under a complete reservation of rights."  (Doc. 1 ¶ 20).

[3]Although Jindani was not initially named as a defendant in the state court action, the Ehrlich Defendants recently submitted two copies of a state court order dated October 9, 2009 in which the state court granted their motion to add Jindani as a Defendant.  (See

-2-

"pollution exclusion" in the policy applies and excludes coverage for the incident.

## II. Discussion

Plaintiffs seek relief pursuant to the Declaratory Judgment Act, which provides in pertinent part that "[i]n a case of actual controversy within its jurisdiction, . . . any court of the United States, upon the filing of an appropriate pleading, ***may*** declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought."  28 U.S.C. § 2201(a) (emphasis added).  It is well-settled "that district courts possess discretion in determining whether and when to entertain an action under the Declaratory Judgment Act, even when the suit otherwise satisfies subject matter jurisdictional prerequisites."  Wilton v. Seven Falls Co., 515 U.S. 277, 282 (1995).

"Since its inception, the Declaratory Judgment Act has been understood to confer on federal courts unique and substantial discretion in deciding whether to declare the rights of litigants," and the Supreme Court has "repeatedly characterized the Declaratory Judgment Act as an enabling Act, which confers a discretion on the courts rather than an absolute right upon the litigant."  Id. at 286-87 (internal quotations omitted).  "By the Declaratory Judgment Act, Congress sought to place a remedial arrow in the district court's quiver; it created an opportunity, rather than a duty, to grant a new form of relief to qualifying litigants."  Id. at 288.

The Eleventh Circuit Court of Appeals has set forth factors for district courts to consider in determining whether to dismiss a declaratory judgment action in favor of state court litigation.  In Ameritas Variable Life Insurance Co. v. Roach, 411 F.3d 1328 (11th Cir.

---

Notice of Filing, Docs. 30 & 35). It is not clear why the Ehrlich Defendants submitted two Notices of Filing of the same state court order.

2005), the court listed what it referred to as "guideposts" for making such a determination:

>(1) the strength of the state's interest in having the issues raised in the federal declaratory action decided in the state courts;
>(2) whether the judgment in the federal declaratory action would settle the controversy;
>(3) whether the federal declaratory action would serve a useful purpose in clarifying the legal relations at issue;
>(4) whether the declaratory remedy is being used merely for the purpose of "procedural fencing"—that is, to provide an arena for a race for *res judicata* or to achieve a federal hearing in a case otherwise not removable;
>(5) whether the use of a declaratory action would increase the friction between our federal and state courts and improperly encroach on state jurisdiction;
>(6) whether there is an alternative remedy that is better or more effective;
>(7) whether the underlying factual issues are important to an informed resolution of the case;
>(8) whether the state trial court is in a better position to evaluate those factual issues than is the federal court; and
>(9) whether there is a close nexus between the underlying factual and legal issues and state law and/or public policy, or whether federal common or statutory law dictates a resolution of the declaratory judgment action.

Id. at 1331. The Ameritas court emphasized that this "list is neither absolute nor is any one factor controlling; these are merely guideposts." Id.

Application of the Ameritas factors favors abstention from this declaratory judgment action. As noted by the Ehrlich Defendants, Plaintiffs may obtain an adequate remedy in state court, where the Ehrlich Defendants' underlying suit has been pending for five years. That suit involves factual issues with regard to events occurring at the gas station at the time of the subject slush puppy ingestion that will bear on, if not determine, resolution of the coverage and defense issues—as to who was operating the gas station, as to causation of the slush puppy contamination, and as to the applicability of the "pollution exclusion" of the

policy as urged by Plaintiffs. Cf. Bituminous Cas. Corp. v. J & L Lumber Co., 373 F.3d 807 (6th Cir. 2004) (concluding that district court's decision to exercise jurisdiction over declaratory judgment action filed by liability insurer was not appropriate where coverage determination was dependent on fact-based issue of state law that was already being litigated in underlying state court negligence suit).

Neither judicial economy nor comity would be served by this Court becoming involved in these same issues at this time. And, in light of the recent addition of Jindani as a defendant in the state court suit, at least some of the arguments presented by Plaintiffs may have been rendered moot, though this Court makes no ruling in that regard. Moreover, there is no federal issue in this case. Cf. Progressive Specialty Ins. Co. v. Bailey, No. 06-0289-WS-C, 2006 WL 2091749, at *2 (S.D. Ala. July 25, 2006) (applying the *Ameritas* guideposts and dismissing insurer's declaratory judgment action on the basis of abstention in favor of state court proceedings, and noting that "'[t]he desire of insurance companies . . . to receive declarations in federal court on matters of purely state law has no special call on the federal forum'") (quoting State Auto Ins. Cos. v. Summy, 234 F.3d 131, 136 (3d Cir. 2000)). For the foregoing reasons, the Court declines to exercise jurisdiction over this declaratory judgment action.

### III. Conclusion

In accordance with the foregoing, it is **ORDERED** and **ADJUDGED** as follows:

1. The Motion to Dismiss (Doc. 18) filed by the Ehrlich Defendants is **DENIED as moot** in light of the filing of the Amended Motion to Dismiss (Doc. 26).

2.  The Amended Motion to Dismiss (Doc. 26) filed by the Ehrlich Defendants is **GRANTED**.  The Court declines to exercise jurisdiction over this declaratory judgment action, and the case is **DISMISSED without prejudice**.

3. All other pending motions are **DENIED as moot**.

4. The Clerk is directed to close this file.

**DONE** and **ORDERED** in Orlando, Florida this 23rd day of December, 2009.

_____
JOHN ANTOON II
United States District Judge

Copies furnished to:
Counsel of Record